NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000721
18-DEC-2017
11:09 AM**

NO. CAAP-17-0000721

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
HARVEY K. KELIIKOA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-14-001787)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Harvey K. Keliikoa's ("Keliikoa") appeal in appellate court case number CAAP-17-0000721 from the Honorable Bruce A. Larson's September 21, 2017 interlocutory order setting a trial date for Plaintiff-Appellee State of Hawaii's ("the State") charges against Keliikoa for operating a motor vehicle without a valid license in violation of Hawaii Revised Statutes ("HRS") § 286-102 (2007 & Supp. 2014) and operating a motor vehicle without liability insurance in violation of HRS § 431:10C-104 (2005) in district court criminal case number 3DTC-14-001787.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawaiʻi Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1)

(2016). HRS § 641-12(a) (2016) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. And even when the district court enters a judgment of conviction, "[j]udgments of conviction are not final unless they include the final adjudication and the final sentence." State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (dismissing an appeal from a district court judgment of conviction that did not finally determine the entire sentence). In the instant case, the district court has not yet held a trial, much less rendered a final decision, on the State's criminal charges against Keliikoa in district court criminal case number 3DTC-14-001787. Absent an appealable final judgment, the September 21, 2017 interlocutory order is not eligible for appellate review because we lack appellate jurisdiction, and Keliikoa's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000721 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 18, 2017.

Chief Judge

Associate Judge

Associate Judge

2